UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO POMPA-ALVAREZ,<br><br>               Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | Case No. 13-cv-1990-GPC<br>Related Case No. 11-cr-1718-GPC<br><br>**ORDER (1) DENYING 18 U.S.C. § 2255 MOTION TO VACATE SENTENCE AND (2) DENYING MOTION TO DISMISS INDICTMENT**<br><br>[Dkt. Nos. 47, 50.] |

## INTRODUCTION

Petitioner, Ruben Dario Pompa-Alvarez, ("Petitioner") a federal prisoner proceeding *pro se*, filed a motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255. [Dkt. No. 47[1].] Petitioner also filed a Motion to Dismiss Indictment pursuant to the Federal Rules of Criminal Procedure Rule 7(e)(1)(B)(3) and the Due Process Clause of the Fifth and Sixth Amendments of the United States Constitution. [Dkt. No. 50.] For the following reasons, the Court **DENIES** Petitioner's § 2255 Petition [Dkt. No. 47] and **DENIES** Petitioner's Motion to Dismiss Indictment, [Dkt. No. 50].

## BACKGROUND

On April 4, 2011, Petitioner was arrested for possessing than 37 pounds of

---

[1] All docket citations refer to the docket numbers as filed in Petitioner's criminal case, 11-cr-1718-GPC.

cocaine in his vehicle in violation of 21 U.S.C. § 841(a). [Dkt. No. 11.] On May 3, 2011, Petitioner consented to prosecution by Information rather than by Indictment. [Dkt. No. 12.] On May 23, 2011, Petitioner signed a fast-track Plea Agreement, agreeing to enter a guilty plea to possession with intent to distribute 5 kilograms or more of cocaine, the single charge in the Information. [Dkt. No. 17.] According to terms of the plea agreement, Petitioner waived his rights to appeal and collateral attack. Specifically, the plea agreement stated:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory minimum term, if applicable.

[Dkt. No. 17 at ¶XI.] Furthermore, the Plea Agreement contained a "DEFENDANT'S WAIVER OF TRIAL RIGHTS," provision, by which the Petitioner waived the right to (A) continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt; (B) a speedy and public trial by jury; (C) the assistance of counsel at all stages of trial; (D) confront and cross-examine adverse witnesses; (E) present evidence and to have witnesses testify on behalf of defendant; and (F) not testify or have any adverse inferences drawn from the failure to testify. [Id. at ¶ IV.] Petitioner initialed each page of the Plea Agreement and signed the final page under penalty of perjury [Id.]

On May 24, 2011, Petitioner executed a "Consent to Rule 11 Plea in a Felony Case" before Magistrate Judge William McCurine. [Dkt. No. 15.] On June 8, 2011, Judge Irma Gonzalez accepted Petitioner's plea of guilty. [Dkt. No. 21.] On September 23, 2011, Judge Gonzalez sentenced Petitioner to thirty-three months in prison and three years of supervised release. [Dkt. No. 30.] On November 9, 2012, pursuant to Rule 4 of the Federal Rules of Appellate Procedure, Petitioner filed a *pro se* notice of appeal to the United States Court of Appeals for the Ninth Circuit. [Dkt. No. 35.] On November 21, 2011, the Ninth Circuit dismissed Petitioner's appeal for untimeliness. [Dkt. No. 39.]

On August 26, 2013, Petitioner filed the present Motion to Vacate his sentence under 28 U.S.C. § 2255 on grounds of: (1) an involuntary guilty plea, (2) ineffective assistance of counsel for failure to move for a jury trial, and (3) ineffective assistance of counsel for failure to file timely notice of appeal. [Dkt. No. 47.] On August 29, 2013, Petitioner filed a Motion to Dismiss the Indictment, alleging a Due Process violation under Apprendi v. New Jersey, 530 U.S. 466 (2000). On September 16, 2013, Petitioner's case was transferred to the undersigned Judge.

## DISCUSSION

### I.   § 2255 Motion to Vacate Sentence

#### A.   Legal Standard for Petition for Habeas Corpus

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

#### B.   Statute of Limitations

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") statute, the opportunity to file successive motions under § 2255 is strictly limited. The AEDPA amended 28 U.S.C. § 2255 by providing for a one-year limitation period for prisoners to file motions under § 2255. The section states, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As it pertains to subsection (A), a conviction becomes "final" when "a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987); see also United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) ("[W]e have adopted, for § 2255 purposes, the definition of finality . . . applicable to state prisoners seeking federal habeas relief."). Under the Ninth Circuit appellate rules, a criminal defendant's notice of appeal must be filed within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i).

Applying subsection (1) of the AEDPA statute of limitations, the Court finds that Petitioner filed his §2255 motion to vacate his sentence on August 26, 2013, 23.5 months after Judge Gonzalez imposed Petitioner's final sentence on September 12, 2011 and over twenty three months after Petitioner's period for appeal had lapsed. [Dkt. No. 29.] Furthermore, the Court finds that Petitioner's appeal to the Ninth Circuit does not reset the clock for AEDPA purposes. See Randle v. Crawford, 604 F.3d 1047, 1055 (9th Cir. 2010) ("If the one-year limitations period were made contingent on the resolution of a petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely delay the commencement of the one-year period by simply waiting to file such notice until after the normal expiration date. Sanctioning this procedure would undermine the statute of limitations for federal habeas petitions."). Even if the Court were to consider the Ninth Circuit's November 21, 2011 Order dismissing Plaintiff's appeal as untimely as the "date on which the judgment became

final" for the purposes of the statute of limitations, the Ninth Circuit's Order was still issued twenty-one months prior to Petitioner's § 2255 motion to vacate his federal sentence. Accordingly, the Court concludes that Petitioner's § 2255 Petition is barred by the statute of limitations and DENIES the petition as untimely.

**C.    Ground One- Involuntary Plea Agreement**

Notwithstanding the untimeliness of Petitioner's motion to vacate his sentence, the Court additionally finds that petition has not met the requirements for habeas relief. Petitioner argues that his impoverished background and very limited education caused him to enter the plea agreement. (Dkt. No. 46 at 4). Petitioner further claims that he was not advised of his Boykin v. Alabama, 395 U.S. 238 (1969), trial rights ("Boykin rights"), which violated his Constitutional right to Due Process.

Rule 11 of the Federal Rules of Criminal Procedure provides that courts must address a criminal defendant personally and in open court to ensure that the plea is voluntary and not caused by force threats or other promises (beside promises included in the Plea Agreement). Fed. R. Crim. P. 11. Under Boykin, the trial judge must make an affirmative finding that a plea of guilty is intelligent and voluntarily. Boykin v. Alabama, 395 U.S. 238, 240 (1969). Furthermore, a defendant must have a sufficient present ability to "consult a lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960) (per curiam). Galowski v. Berge, 78 F.3d 1176, 1180-81 (7th Cir. 1996).

The Court finds Petitioner's involuntariness claim unsupported by the record. The Court notes that Petitioner initialed each page of his plea agreement, which states, in pertinent part:

> Defendant's Representation that Guilty Plea is Knowing and Voluntary
> Defendant represents that:
> A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequence of this plea.
> B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

      C.     No one has threatened defendant or defendant's family to induce this guilty plea; and
      D.     Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

[Dkt. No. 17 at 5.] Moreover, the record reflects that at his change of plea hearing on May 24, 2011, Petitioner stated before U.S. Magistrate Judge McCurine that he wished to withdraw his former plea of "not guilty" to "guilty" of Count 1 of the Information. [Dkt. No. 40 at 3.] The plea hearing then transpired as follows:

> THE COURT: Okay. Gentlemen, each of you has the right to enter your plea before a district judge. However, you have each signed a two-page consent waiving that right so that you can enter your plea before me, a magistrate judge. On your signature page of your consent, there is a signature that appears above either the word "defendant" or your typed name. Please confirm that that signature is your own and that you signed the consent in the presence of your attorney.
>
> THE INTERPRETER: Yes as to all.
>
> THE COURT: And are you each satisfied with the work your attorney has done in your behalf?
>
> THE INTERPRETER: Yes as to all.
>
> THE COURT: And to each defense counsel, are you satisfied your client understands the consent?
>
> . . .
>
> MS. AGUILAR: Yes as to Mr. Pompa and Mr. Salgado.
>
> THE COURT: All right. Then on the strength of these consents, I will proceed. Gentlemen, you have the following constitutional rights as they relate to your trial. You may continue to insist on your innocence. Your trial will be speedy and public in front of a judge and jury or in front of a judge without a jury at your choice. You can be represented by an attorney at all proceedings, including trial. If you cannot afford an attorney, I will appoint one to represent you at no cost to you. You can cross-examine every witness who testifies against you. You can put on your own defense. You can subpoena witnesses to your trial to testify for you. On the other hand, you do not need to testify or cooperate with the government, and you will not be penalized when you exercise these rights.
> By pleading guilty today, you will be giving up these particular rights, you will not have a trial, and a guilty plea will be entered. Understanding that, is it still your desire to plead guilty this morning?
>
> THE INTERPRETER: Yes as to all.

[Dkt. No. 40 at 4.] The record thus reflects that Petitioner was addressed in open court before Magistrate Judge McCurine to ensure that the plea was voluntary and not caused by threats or other promises. See Fed. R. Crim. P. 11. In addition, Judge McCurine

advised Petitioner of the specific rights waived with a plea of guilty. Furthermore, the record demonstrates that Petitioner and his Counsel believed that the plea of guilty was in the best interest of the Petitioner. The Court finds no reason to believe that Petitioner did not have the present ability to have a reasonable degree of understanding of the proceedings against him, and Petitioner does not assert that he did not have a factual understanding of the proceedings against him. Accordingly, the Court DENIES Petitioner's motion to vacate his federal sentence under section 2255 on the ground that he was not advised of his rights under Boykin.

**D.     Ineffective Assistance of Counsel**

Petitioner's second ground for habeas relief claims that because insufficient evidence existed to support a conviction, Petitioner's counsel was ineffective for failing to move for a jury trial. [Dkt. No. 47 at 5.] Similarly, Petitioner's third ground for relief claims ineffective assistance of counsel because counsel failed to file a timely notice of appeal. [Dkt. No. 47 at 7.]

A defendant claiming ineffective assistance of counsel must show both (1) deficient performance under an objective standard of reasonableness, and (2) prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 687).  To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors," there is a reasonable probability "the result of the proceeding would have been different." Strickland, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."); see Richter, 131 S.Ct. at 792 ("The likelihood of a different result must be substantial, not just conceivable").  "Because failure to meet either [Strickland] prong is fatal to [an ineffective assistance of counsel] claim, there is no requirement that we 'address both components of the inquiry if the defendant makes an insufficient showing on one.'"

Gonzalez v. Wong, 667 F.3d 965, 987 (9th Cir. 2011) (quoting Strickland, 466 U.S. at 697); see Bell v. Cone, 535 U.S. 685, 695 (2002) ("Without proof of both deficient performance and prejudice to the defense . . . the sentence or conviction should stand.") (citation omitted).

Reviewing courts must apply a "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see Cullen v. Pinholster, 131 S.Ct. 1388, 1400-01 (2011) (courts must give "attorneys the benefit of the doubt" for proceeding as they did).

In regards to Petitioner's counsel failure to move for a jury trial, the Court finds that Petitioner waived his right to a jury trial by entering a plea of guilty. The transcript from Petitioner's change of plea hearing reflects that Petitioner was advised by Magistrate Judge McCurine that a guilty plea would waive his right to a jury trial, yet accepted that consequence to his plea. [Dkt. No. 40 at 4:9-5:3.] Furthermore, the transcript reflects that Petitioner affirmed that he believed a plea of guilty was in the his best interest and that he was satisfied with the work his attorney had done for him. [Dkt. No. 40 at 11:5-11:14.] Applying the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," the Court finds that Petitioner's counsel acted reasonably in not moving for a jury trial given that Petitioner had knowingly consented to waive his right to a jury trial. See Strickland, 466 U.S. at 689.

Likewise, in regards to Petitioner's counsel's failure to file for appeal, the Court finds that Petitioner's claims have not sufficiently fulfilled the two prongs necessary to prove ineffective assistance of counsel. First, the Court notes that Petitioner waived his ability to appeal his sentence in his plea agreement. The plea agreement states, in pertinent part:

> Defendant waives Appeal and Collateral Attack
>
> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above

> the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. . .
>
> If defendant breaches this plea agreement, at any time, in any way, including but not limited to, appealing or collaterally attacking the conviction or sentence, the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

[Dkt. No. 17 at 10] (emphasis in original). Moreover, Judge McCurine addressed Petitioner's waiver of his right to appeal or collateral attack at Petitioner's change of plea hearing, in pertinent part below:

> THE COURT: So all of you gentlemen also have a provision in your plea entitled "The Defendant Waives Appeal and Collateral Attack."
>
> . . .
>
> THE COURT: Okay. For Misters Salgado, Pompa, and Reyes, you have the same provision but with slightly different wording. You are giving up your right to appeal and collaterally attack your guilty plea, conviction, and sentence as long as the sentence you actually receive is not greater than the mandatory minimum term in your matter or the high end of the guideline range the government recommends at your sentencing, whichever of the two numbers is greater. Do you understand this waiver?
>
> THE INTERPRETER: Yes as to the three.
>
> THE COURT: Now, to defense counsel, did you go over the plea agreement with your client in the Spanish language before the client signed the plea?
>
> . . .
>
> MS. AGUILAR: Yes with respect to Mr. Pompa and Mr. Salgado. And, your Honor, I would just add, with respect to the appellate waiver, the ten-year minimum mandatory -- the appellate waiver at the ten-year minimum mandatory would only be if safety valve didn't apply.
>
> THE COURT: Okay. And that's for --
>
> MS. AGUILAR: For both Mr. Pompa and Mr. Salgado.
>
> THE COURT: Gentlemen, do you understand that?
>
> THE INTERPRETER: Yes as to Mr. Pompa.
>
> . . .
>
> THE COURT: Okay. Now, counsel, are you satisfied your client

>understands everything in the plea agreement?
>
>MS. AGUILAR: Yes, your Honor.
>
>. . .
>
>THE COURT: To -- and do you believe, counsel, that the plea agreement is in your client's best interests?
>
>. . .
>
>MS. AGUILAR: Yes, your Honor.

[Dkt. No. 40 at 8.] The record therefore reflects that Petitioner confirmed waiver of right to appeal: (1) in his Plea Agreement and (2) verbally before Magistrate Judge McCurine. Petitioner's counsel would have violated the terms of Petitioner's plea agreement, had counsel filed an appeal. Therefore, the Court finds that Petitioner's counsel acted reasonably in not filing an appeal. Accordingly, the Court finds that Petitioner has failed to demonstrate ineffective assistance of counsel in violation of his Constitutional rights based on his counsel's failure to file an appeal on his behalf. See Strickland, 466 U.S. at 689.

Having found Petitioner's section 2255 motion to vacate both time barred and insufficient to demonstrate Petitioner's entitlement to habeas relief, the Court hereby DENIES the motion.

## II.     Motion to Dismiss Indictment

In addition to his § 2255 Petition, Petitioner has filed a motion entitled, "Appellant's Brief pro se, under Apprendi's law to Dismiss with Supporting Memorandum of law." [Dkt. No. 50.] The Petitioner has no right or basis to file a Motion to Dismiss the Indictment following his conviction and sentence. The Court will construe the motion as a second section 2255 petition, which is untimely. In addition, it lacks merit. In Apprendi v. New Jersey, the Supreme Court held that any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Applying Apprendi to 21 U.S.C. § 841(a), the statute under

which Petitioner pled guilty, courts have found that before a defendant can be sentenced above the basic statutory maximums set forth in § 841(c)(1)(C), the drug quantities required for the higher maximums must be charged in the indictment and found by a jury. See, e.g., United States v. Promise, 255 F.3d 150, 156-57 (4th Cir. 2001) (en banc); United States v. Doggett, 230 F.3d 160, 164-66 (5th Cir. 2000); United States v. Rogers, 228 F.3d 1318, 1326-30 (11th Cir. 2000); United States v. Nordby, 225 F.3d 1053, 1058-59 (9th Cir. 2000); United States v. Aguayo-Delgado, 220 F.3d 926, 929-34 (8th Cir. 2000).

### A. Quantity and Type of Controlled Substance

Petitioner's first Apprendi claim is that the type and quantity of the controlled substance are absent from the Government's Indictment. [Dkt. No. 50 at 1.] The Court first notes that Petitioner waived prosecution by Indictment and consented to proceeding by Information in open court. [Dkt. No. 12.] The Court's review of the Information filed in the Petitioner's case demonstrates that the Information is explicit as to the type and quantity of the controlled substance Petitioner was charged with possessing under section 841(a). The Information states:

> On or about April 4, 2011, within the Southern District of California, defendant Ruben Dario Pompa-Alvarez, did knowingly and intentionally possess, with intent to distribute, 5 kilograms or more, to wit: approximately 17.0 kilograms (37.40 pounds) of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[Dkt. No. 11.] Accordingly, the Court concludes that the Information used to charge Petitioner stated the quantity and type of the controlled substance (17.0 kilograms of cocaine) and **DENIES** Petitioner's Motion to Dismiss the Indictment to the extent that it is based on the Government's purported failure to include the quantity and type of the controlled substance.

### B. Maximum Sentence

Second, Petitioner argues that the Government must prove beyond a reasonable

doubt all the elements of an offense before a jury before he may receive a sentence beyond the maximum sentence. [Dkt. No. 50 at 4.] Petitioner's maximum sentence for the offense in the indictment is life imprisonment.[Dkt. No. 40 at 6.] Petitioner was sentenced to 33 months in custody with the Federal Bureau of Prisons and supervised release of three years. [Dkt. No. 30.] The Court finds that Petitioner was not sentenced to a term beyond the maximum sentence, which is life in prison. Therefore, the Court finds Petitioner's motion to dismiss indictment under <u>Apprendi's</u> law to be inapplicable to the facts of Petitioner's case and **DENIES** the Motion to Dismiss Indictment.

## CONCLUSION AND ORDER

Based on the above, the Court **DENIES** Petitioner's § 2255 Motion to Vacate his federal sentence. [Dkt. No. 47.] The Court also **DENIES** Petitioner's Motion to Dismiss Indictment. [Dkt. No. 50.] The Clerk of the Court shall close both Petitioner's criminal case, No. 11-cr-1718-GPC, and Petitioner's civil case, No. 13-cv-1990 GPC.

**IT IS SO ORDERED.**

DATED: August 8, 2014

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge